UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CR-19-175-G-2 |
| | ) | Case No. CIV-21-192-G |
| **REGENEA CAROL BERRY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Now before the Court is Defendant Regenea Carol Berry's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 73). The Government has filed a Response (Doc. No. 87). After careful consideration of the parties' arguments, the relevant authorities, and the case record, the Court determines that no evidentiary hearing is necessary and that the Motion should be denied on the existing record.[1]

I.   *Background*

On June 19, 2019, a federal grand jury indicted Defendant and one other individual on a one-count Indictment charging that the two defendants knowingly took by force, violence, and intimidation, from the person and in the presence of bank employees, approximately $19,821.36 in U.S. currency, belonging to and in the care, custody, control, management, and possession of the International Bank of Commerce in Moore, Oklahoma, in violation of 18 U.S.C. § 2113(a). *See* Indictment (Doc. No. 24). Assistant Federal

---

[1] No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

Public Defender Teresa Brown was appointed by the Court to represent Defendant in this case.  *See* Doc. No. 10.

Defendant pled guilty to the one-count Indictment on July 22, 2019.  *See* Doc. No. 41.  An initial Presentence Investigation Report ("PSR") was prepared and filed on January 27, 2020.  *See* Initial PSR (Doc. No. 44).  Through counsel, Defendant raised objections to the initial PSR; these objections were addressed in the Final PSR, filed on February 12, 2020.  *See* Final PSR (Doc. No. 46) at 28-31.  Defendant's counsel also filed a written Sentencing Memorandum with supporting exhibits (Doc. No. 53), presenting Defendant's sentencing arguments to the Court.

Defendant and her counsel appeared before the Court on April 3, 2020.  The Court imposed a sentence of 70 months' imprisonment, to be followed by three years of supervised release.  *See* J. (Doc. No. 60).  This sentence represented the bottom of the recommended range for imprisonment as calculated under the United States Sentencing Guidelines.  Defendant did not appeal her conviction.

II.   *Discussion*

Under 28 U.S.C. § 2255, a prisoner in custody serving a federal sentence may move to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

Liberally construed, Defendant's Motion seeks relief on the basis that her defense counsel, Ms. Brown, rendered constitutionally ineffective assistance. *See* Def.'s Mot. at 3-9. To show that her counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the first prong of the *Strickland* test—that counsel's performance was deficient—Defendant must show that counsel's behavior was unreasonable under "prevailing professional norms." *Id.* at 688. The Supreme Court shuns specific guidelines for measuring deficient performance, as "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id*. at 688-89. Defendant must overcome the presumption that the "challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Even if Defendant shows deficient performance, she must also show prejudice by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. In making that determination, the court must "tak[e] the

unaffected findings as a given" and decide whether the outcome "would reasonably likely have been different absent the errors." *Id*. at 696.

The Court "may address the performance and prejudice components in any order" and "need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

  A. *Failure to Object to Sentencing Enhancement*

The Initial PSR applied a two-level increase to the calculation of Defendant's offense level based upon her codefendant's use of a firearm during the robbery and a six-level increase based upon the codefendant's use of that firearm to physically restrain the bank tellers to facilitate the robbery. *See* Initial PSR ¶¶ 37, 38 (citing USSG § 2B3.1(b)(2)(B), (4)(B)). The Final PSR noted Defendant's objection but again applied the 8-level increase. *See* Final PSR ¶¶ 37, 38, pp. 29-31.

At sentencing, Defendant's counsel withdrew Defendant's "legal objection" to the firearms enhancement but requested that the Court consider that objection in the context of Defendant's requests for a downward departure and/or a variance from the Guidelines sentence. *See* Sent'g Tr. (Doc. No. 87-2) at 6. The Court permitted the withdrawal and adopted the Final PSR, including the 8-level firearm enhancement. *See id.* at 8.

Defendant first argues that her counsel was ineffective because she failed to object to the sentencing enhancement for the possession of a firearm. *See* Def.'s Mot. at 3. Ms. Brown has advised that the decision to withdraw this initially made objection at the sentencing hearing was taken for strategic reasons and with the agreement of Defendant.

4

*See* Byers Aff. ¶ 3 (Doc. No. 87-1).[2]  Moreover, even if the objection had been asserted, the Sentencing Guidelines direct that a defendant in a jointly undertaken criminal activity is accountable for "all acts and omissions of others" that were

> (i) within the scope of the jointly undertaken criminal activity,
> (ii) in furtherance of that criminal activity, and
> (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

USSG § 1B1.3(a)(1)(B).

Defendant was jointly undertaking the robbery with her codefendant when he brandished a firearm, pointed it at the bank employees, racked the slide, and instructed them to get on the floor.  *See* Final PSR at 29-31.  Defendant therefore cannot establish "a reasonable probability that, but for" counsel's ultimate withdrawal of the legal objection, the enhancement would not have been applied and "the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

### B. *Failure to Timely File Notice of Appeal*

Defendant asserts that she "was not told that [she] ha[d] only 30 days" to file an appeal and that her counsel was ineffective because she failed to timely seek an appeal of the conviction and sentence.  Def.'s Mot. at 4.  Defendant's factual assertion is belied by the sentencing transcript, however, which reflects that the Court expressly announced

---

[2] The Court has found that Defendant waived attorney-client privilege as to communications with defense counsel relevant to the Motion's allegations of error.  *See* Order of June 16, 2022 (Doc. No. 84) at 2.  Defendant has not raised any hearsay or other objections to the Government's reliance upon Ms. Brown's account of relevant events.

that Defendant had a right to appeal and that any notice of appeal must be filed within 14 calendar days. *See* Sent'g Tr. at 31-32.

Ms. Brown has represented that she discussed the possibility of an appeal with Defendant. Ms. Brown's opinion was that there were no circumstances warranting an appeal. *See* Byers Aff. ¶ 4. Defendant did not request that an appeal be filed when the sentence was announced; rather, Defendant brought up the subject of an appeal many months later, and Ms. Brown advised Defendant that it was then too late to pursue an appeal. *Id.*

Defendant fails to show deficient performance under *Strickland* with regard to this ineffective assistance of counsel claim. Defendant's broad objection does not overcome the presumption that the decision to forgo an appeal was sound strategy. "[T]he Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal." *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (explaining that the process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy" (internal quotation marks omitted)); *Peugh v. United States*, 569 U.S. 530, 537 (2013) ("The court of appeals may, but is not required to, presume that a within-Guidelines sentence is reasonable.").

### C. Counsel's Conflict of Interest

Defendant contends that Ms. Brown also worked on Defendant's son's father's sex-trafficking case and that this representation caused a conflict of interest that interfered with Ms. Brown's representation of Defendant in this matter. *See* Def.'s Mot. at 6.

The public docket sheet for the relevant case does not reflect that Ms. Brown represented any party therein. *See United States v. Johnson*, No. CR-14-341-F (W.D. Okla.). Accordingly, there has been no showing of deficient performance or prejudice based upon any decision by Ms. Brown in this regard. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting defendant's ineffective-assistance arguments and explaining that the court is "not required to fashion [the defendant's] arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments").

### D. Failure to Seek a Downward Departure

Defendant next objects that her counsel "unprofessional[l]y failed to move for [an] appro[pr]iate downward departure." Def.'s Mot. at 7. This claim fails because Ms. Brown did seek a downward departure and/or variance from the Guidelines sentence both by written motion and at the sentencing hearing. *See* Def.'s Sent'g Mem. at 1, 9-10; Sent'g Tr. at 6-7, 8-10, 19-27; *see also United States v. Clark*, 650 F. App'x 569, 571 (10th Cir. 2016) (rejecting the defendant's contention "that counsel was ineffective for failing to object to his criminal-history calculation" where the record showed that counsel did in fact object to the calculation).

### E. Failure to Review Discovery with Defendant

Finally, Defendant argues that her counsel was ineffective because Defendant "never got to see discovery." Def.'s Mot. at 9. Ms. Brown has advised that, to the contrary, she reviewed discovery material multiple times with Defendant. Byers Aff. ¶ 7. Further, Defendant does not offer any basis for the Court to find that any failure in this

respect affected the proceedings or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## CONCLUSION

It is therefore ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 73) is DENIED. Defendant's Motion for Ruling (Doc. No. 77) is DENIED as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a defendant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

A separate judgment shall be entered.

IT IS SO ORDERED this 7th day of March, 2024.

*[signature]*
CHARLES B. GOODWIN
United States District Judge